LAKE COUNTY _____
STATE OF INDIANA

| | | |
|---|---|---|
| David Dambrauskas, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| Russell E. Hilton, Jr., individually, | ) | Jury Trial Demanded |
| Office Depot, LLC, & | ) | |
| ODP Business Solutions, LLC, | ) | |
| Defendants. | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes David Dambrauskas (Plaintiff), by and through counsel, Cronauer Law, LLP, and hereby alleges as follows against Russell E. Hilton, Jr. (Defendant-Hilton), Office Depot, LLC (Defendant-Office Depot), and ODP Business Solutions, LLC (Defendant-ODP).

### PARTIES

1. Plaintiff is a citizen of Illinois, residing in Somonauk.

2. Defendant-Hilton is a citizen of Indiana, residing in Portage.

3. Defendant-Office Depot is a registered Foreign Limited Liability Company in Indiana, having been formed in Delaware with its principal place of business in Florida. Defendant-Office Depot conducts business in Indiana and may be served through its registered agent.

4. Defendant-ODP is a registered Foreign Limited Liability Company in Indiana, having been formed in Delaware with its principal place of business in Florida. Defendant-ODP conducts business in Indiana and may be served through its registered agent.

# Exhibit A

1

## JURISDICTION & VENUE

5. The Court has subject matter jurisdiction because this is a civil action for personal injuries.

6. Venue is proper because the facts giving rise to the claims occurred in Lake County, Indiana.

7. The Court has personal jurisdiction over Defendant-Hilton because he is a citizen of and resides in Indiana.

8. The Court has personal jurisdiction over Defendants-Office Depot and ODP pursuant to Indiana Rule of Trial Procedure 4.4(A).

## FACTS

9. At approximately 10:30am on June 28, 2021 (hereinafter "the relevant time and date"), Plaintiff was traveling eastbound on I-80 in Calumet Township, Lake County, Indiana.

10. At the relevant time and date, Defendant-Hilton was also traveling eastbound on I-80 in Calumet Township, Lake County, Indiana.

11. At the relevant time and date, Defendant-Hilton was driving a 2020 Chevrolet Express, which is a cargo van.

12. At the relevant time and date, Defendant-Hilton was delivering supplies for Defendants-Office Depot and ODP, thereby acting as an agent for their benefit and subject to their control.

13. At the relevant time and date, Defendant Hilton's vehicle approached Plaintiff's vehicle from behind and collided with it, i.e., rear-ended it.

14. Subsequent to the collision, both vehicles pulled over and police arrived.

15. While speaking with police after the collision, Defendant-Hilton stated that he was the cause of the collision.

2

## CAUSES OF ACTION

Count 1—Defendant-Hilton—Negligence

16. At the relevant time and date, Defendant-Hilton owed Plaintiff a duty of due care as a fellow driver on the highway.

17. At the relevant time and date, Defendant-Hilton breached the duty of due care in one or more of the following ways:

    a.  Driving at an unsafe rate of speed;

    b.  Failing to reduce speed as he approached Plaintiff's vehicle;

    c.  Following too closely to Plaintiff's vehicle;

    d.  Failing to recognize slowing and/or stopping traffic in front of him;

    e.  Failing to avoid a collision with Plaintiff's vehicle;

    f.  Driving a vehicle at a speed that was greater than was reasonable and prudent under the conditions, in violation of Indiana Code (IC) 9-21-5-1;

    g.  Failing to restrict speed as was necessary to avoid colliding with another vehicle, in violation of IC 9-21-5-1;

    h.  Driving a vehicle in excess of the maximum speed limit, in violation of IC 9-21-5-2 and 9-21-5-3;

    i.  Failing to reduce speed as was necessary for traffic and highway conditions, in violation of IC 9-21-5-4;

    j.  Following Plaintiff's vehicle more closely than was reasonable and prudent, in violation of IC 9-21-8-14;

    k.  Recklessly driving a vehicle at an unreasonably high rate of speed and endangering the safety and property of others, in violation of IC 9-21-8-52.

18. Defendant-Hilton's breach caused Plaintiff damages in the form of property damage and personal injuries.

19. Plaintiff's personal injuries caused by the collision include but are not limited to: whiplash; chronic pain; migraine headaches; dizziness; light sensitivity; nausea; a concussion; post-concussive syndrome; and a traumatic brain injury. Said injuries impair Plaintiff's activities of daily living and his executive functioning.

20. At the relevant time and date, Plaintiff acted as a reasonably prudent driver would act and was free from negligence of any sort.

21. For the reasons set forth above, Defendant-Hilton was negligent, both pursuant to the common law and pursuant to negligence *per se* based on the legal violations listed above.

Count 2—Defendants-Office Depot and ODP—Vicarious Liability

22. At the time of the collision, Defendant-Hilton was an agent of Defendants-Office Depot and ODP, subject to their control and acting for their benefit.

23. Defendants-Office Depot and ODP are vicariously liable for the actions of Defendant-Hilton and, as such, were negligent for the reasons set forth above.

## DAMAGES

24. As a result of Defendants' actions, Plaintiff suffered damages, including but not limited to:

  a. Property damage to Plaintiff's vehicle;

  b. Medical costs in the past and in the future;

  c. Lost wages in the past and in the future;

  d. Lost earning capacity in the past and in the future;

  e. Loss of household services in the past and in the future;

  f. Physical and emotional pain and suffering in the past and in the future;

  g. Physical impairment in the past and in the future;

h.  Emotional distress in the past and in the future;

i.  Mental anguish in the past and in the future; and

j.  Loss of enjoyment of life in the past and in the future.

## JURY TRIAL DEMAND

25. Plaintiff hereby demands a jury trial.

## REQUEST FOR RELIEF

26. For the reasons set forth above, Plaintiff hereby requests a judgment against Defendants for the

following:

a.  Compensatory damages, jointly and severally;

b.  Prejudgment and postjudgment interest to the fullest extent allowed by law;

c.  Court costs, including the costs of filing suit; and

d.  All other relief that is just and proper under the circumstances.

Respectfully submitted,

/s/ Ross A. Brennan
Bar no. 29842-64
Cronauer Law, LLP
558 Main St, Unit D
Buda, TX 78610
512-733-5151 (phone)
815-895-4070 (fax)
ross@cronauerlaw.com