Filed: 6/6/2023 10:16 AM
Clerk
Lake County, Indiana

LAKE COUNTY CIRCUIT COURT
STATE OF INDIANA

| | |
|---|---|
| David Dambrauskas, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 45C01-2303-CT-000276 |
| ) | |
| Russell E. Hilton, Jr., individually, & ) | Jury Trial Demanded |
| CompuCom Systems, Inc., ) | |
|    Defendants. ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Now comes David Dambrauskas (Plaintiff), by and through counsel, Cronauer Law, LLP, and hereby alleges as follows against Russell E. Hilton, Jr. (Defendant-Hilton) and CompuCom Systems, Inc. (Defendant-CompuCom).

### PARTIES

1. Plaintiff is a citizen of Illinois, residing in Somonauk.

2. Defendant-Hilton is a citizen of Indiana, residing in Portage.

3. Defendant-CompuCom is a registered Foreign For-Profit Corporation in Indiana, having been formed in Delaware with its principal place of business in South Carolina. Defendant-CompuCom conducts business in Indiana and may be served through its registered agent.

### JURISDICTION & VENUE

4. The Court has subject matter jurisdiction because this is a civil action for personal injuries.

5. Venue is proper because the facts giving rise to the claims occurred in Lake County, Indiana.

6. The Court has personal jurisdiction over Defendant-Hilton because he is a citizen of and resides in Indiana.

**Exhibit B**

1

7. The Court has personal jurisdiction over Defendant-CompuCom pursuant to Indiana Rule of Trial Procedure 4.4(A).

**FACTS**

8. At approximately 10:30am on June 28, 2021 (hereinafter "the relevant time and date"), Plaintiff was traveling eastbound on I-80 in Calumet Township, Lake County, Indiana.

9. At the relevant time and date, Defendant-Hilton was also traveling eastbound on I-80 in Calumet Township, Lake County, Indiana.

10. At the relevant time and date, Defendant-Hilton was driving a 2020 Chevrolet Express, which is a cargo van.

11. At the relevant time and date, Defendant Hilton's vehicle approached Plaintiff's vehicle from behind and collided with it, i.e., rear-ended it.

12. Subsequent to the collision, both vehicles pulled over and police arrived.

13. While speaking with police after the collision, Defendant-Hilton stated that he was the cause of the collision.

**CAUSES OF ACTION**

Count 1—Defendant-Hilton—Negligence

14. At the relevant time and date, Defendant-Hilton owed Plaintiff a duty of due care as a fellow driver on the highway.

15. At the relevant time and date, Defendant-Hilton breached the duty of due care in one or more of the following ways:

   a. Driving at an unsafe rate of speed;

   b. Failing to reduce speed as he approached Plaintiff's vehicle;

   c. Following too closely to Plaintiff's vehicle;

   d. Failing to recognize slowing and/or stopping traffic in front of him;

2

e. Failing to avoid a collision with Plaintiff's vehicle;

f. Driving a vehicle at a speed that was greater than was reasonable and prudent under the conditions, in violation of Indiana Code (IC) 9-21-5-1;

g. Failing to restrict speed as was necessary to avoid colliding with another vehicle, in violation of IC 9-21-5-1;

h. Driving a vehicle in excess of the maximum speed limit, in violation of IC 9-21-5-2 and 9-21-5-3;

i. Failing to reduce speed as was necessary for traffic and highway conditions, in violation of IC 9-21-5-4;

j. Following Plaintiff's vehicle more closely than was reasonable and prudent, in violation of IC 9-21-8-14;

k. Recklessly driving a vehicle at an unreasonably high rate of speed and endangering the safety and property of others, in violation of IC 9-21-8-52.

16. Defendant-Hilton's breach caused Plaintiff damages in the form of property damage and personal injuries.

17. Plaintiff's personal injuries caused by the collision include but are not limited to: whiplash; chronic pain; migraine headaches; dizziness; light sensitivity; nausea; a concussion; post-concussive syndrome; and a traumatic brain injury. Said injuries impair Plaintiff's activities of daily living and his executive functioning.

18. At the relevant time and date, Plaintiff acted as a reasonably prudent driver would act and was free from negligence of any sort.

19. For the reasons set forth above, Defendant-Hilton was negligent, both pursuant to the common law and pursuant to negligence *per se* based on the legal violations listed above.

<u>Count 2—Defendant-CompuCom—Vicarious Liability</u>

20. At the relevant time and date, Defendant-Hilton was an employee of Defendant-CompuCom, acting within the scope of his employment, subject to the control of Defendant-CompuCom.

21. At the relevant time and date, Defendant-Hilton was an agent of Defendant-CompuCom, acting within the scope of his authority, subject to the control of Defendant-CompuCom.

22. For the reasons set forth in the prior paragraphs of this pleading, all of which are hereby incorporated, Defendant-CompuCom is vicariously liable for the actions of Defendant-Hilton and, as such, was negligent.

**DAMAGES**

23. As a result of Defendants' actions, Plaintiff suffered damages, including but not limited to:

    a. Property damage to Plaintiff's vehicle;

    b. Medical costs in the past and in the future;

    c. Lost wages in the past and in the future;

    d. Lost earning capacity in the past and in the future;

    e. Loss of household services in the past and in the future;

    f. Physical and emotional pain and suffering in the past and in the future;

    g. Physical impairment in the past and in the future;

    h. Emotional distress in the past and in the future;

    i. Mental anguish in the past and in the future; and

    j. Loss of enjoyment of life in the past and in the future.

**JURY TRIAL DEMAND**

24. Plaintiff hereby demands a jury trial.

**REQUEST FOR RELIEF**

25. For the reasons set forth above, Plaintiff hereby requests a judgment against Defendants for the following:

   a. Compensatory damages, jointly and severally;

   b. Prejudgment and postjudgment interest to the fullest extent allowed by law;

   c. Court costs, including the costs of filing suit; and

   d. All other relief that is just and proper under the circumstances.

Respectfully submitted,

/s/ Ross A. Brennan
Bar no. 29842-64
Cronauer Law, LLP
668 Main St, Unit D
Buda, TX 78610
512-733-5151 (phone)
815-895-4070 (fax)
ross@cronauerlaw.com

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was served on Defendant Russell E. Hilton, Jr., by filing it through the Indiana E-Filing System on June 6, 2023, pursuant to Trial Rule 86(B).

Respectfully submitted,

/s/ Ross A. Brennan
Bar no. 29842-64
Cronauer Law, LLP
668 Main St, Unit D
Buda, TX 78610
512-733-5151 (phone)
815-895-4070 (fax)
ross@cronauerlaw.com